# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STACEY K. ROGERS, | DOCKET NUMBER |
| Appellant, | AT-0752-22-0332-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: August 23, 2023 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Stacey K. Rogers</u>, Hinesville, Georgia, pro se.

<u>Dana L. Vockley</u>, Esquire, and <u>Erika Lucas</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed her removal from Federal service. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2　　　　Electronic service of the Board's issuances is only appropriate for properly registered e-filers who affirmatively consent to electronic service. *See* 5 C.F.R. § 1201.14(e)(1)-(2) (noting that registration as an e-filer constitutes consent to accept electronic service and that the exclusive means for registering as an e-filer is to do so through e-Appeal Online), (j)(1) (identifying that paper copies of Board issuances are not ordinarily served on registered e-filers), (j)(3) (noting that registered e-filers are responsible for monitoring case activity in the e-Appeal Online Repository to ensure that they have received all case-related documents). The record for this appeal does not contain the appellant's affirmative consent to accept electronic service; however, several of the administrative judge's orders were exclusively served on the appellant electronically, including the orders scheduling the prehearing conference and setting forth the deadline for prehearing submissions. Initial Appeal File (IAF), Tabs 5, 7, 10.

¶3　　　　As a result of the appellant's failure to attend the prehearing conference, she was denied the opportunity to file prehearing submissions and to have witnesses appear at the hearing. IAF, Tabs 12, 15. The appellant was thus effectively denied the opportunity to properly prosecute her appeal. *See McGuire v. U.S. Postal Service*, 5 M.S.P.R. 54, 56 (1981) (finding that an administrative judge's failure to serve an appellant with copies of requests for documentation denied the appellant the opportunity to timely prosecute his appeal). Under the specific circumstances in this case, we find it appropriate to vacate the initial decision and remand the appeal for a new hearing. On remand, the administrative judge should update and verify the appellant's preferred method of service and set forth a new hearing schedule.

## ORDER

¶4    For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:        /s/ for _____

                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.